Wells Fargo Bank, N.A. v Smart (2025 NY Slip Op 00476)

Wells Fargo Bank, N.A. v Smart

2025 NY Slip Op 00476

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-09473
 (Index No. 700435/16)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v
Glenford Smart, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated September 21, 2022. The order, insofar as appealed from, in effect, upon renewal, adhered to a prior determination in an order of the same court dated May 16, 2019, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Glenford Smart and dismissing that defendant's first, second, and third affirmative defenses and first counterclaim and for an order of reference.
ORDERED that the order dated September 21, 2022, is reversed insofar as appealed from, on the law, with costs, upon renewal, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Glenford Smart and dismissing that defendant's first, second, and third affirmative defenses and first counterclaim and for an order of reference are granted, and the order dated May 16, 2019, is modified accordingly.
In this action to foreclose a mortgage, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Glenford Smart (hereinafter the defendant) and dismissing his first, second, and third affirmative defenses, alleging, respectively, lack of standing, failure to comply with RPAPL 1304, and failure to comply with RPAPL 1306, and his first counterclaim, which was for an award of attorneys' fees and expenses pursuant to Real Property Law § 282, and for an order of reference. The defendant opposed the motion on the ground that the plaintiff lacked standing to commence this action. In an order dated May 16, 2019, the Supreme Court, among other things, denied those branches of the plaintiff's motion, concluding, inter alia, that the plaintiff improperly made a successive motion for summary judgment and declining to reach the merits thereof. The plaintiff appealed from so much of the May 16, 2019 order as denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his first, second, and third affirmative defenses and first counterclaim and for an order of reference. In a decision and order dated June 8, 2022, this Court reversed the May 16, 2019 order insofar as appealed from and remitted the matter to the Supreme Court, Queens County, for a determination on the merits of those branches of the motion (see Wells Fargo Bank, N.A. v Smart, 206 AD3d 784, 785).
Before the plaintiff's prior appeal was decided, the plaintiff moved in the Supreme [*2]Court, in effect, for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his first, second, and third affirmative defenses and first counterclaim and for an order of reference. The defendant opposed the motion, only contending that the motion should be denied because of the pendency of the prior appeal. In an order dated September 21, 2022, issued after the prior appeal was decided, the court, which noted that the matter had been remitted to it for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his first, second, and third affirmative defenses and first counterclaim and for an order of reference, in effect, granted the plaintiff leave to renew. The court also, in effect, adhered to its prior determination denying those branches of the plaintiff's motion, determining that the plaintiff failed to establish that it strictly complied with the requirements of RPAPL 1304 because information about the federal Home Affordable Modification Program (hereinafter HAMP) was included with the 90-day notice that had been mailed to the defendant (see id. § 1304[1]) in violation of RPAPL 1304(2). The plaintiff appeals.
The Supreme Court based its determination in the order appealed from on this Court's decision and order in Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d 317). In Kessler, this Court found that the plaintiff failed to comply with RPAPL 1304 where the envelope it mailed, which contained the requisite notice under RPAPL 1304, also included other information in two notices pertaining to the rights of a debtor in bankruptcy and in military service (see Bank of Am., N.A. v Kessler, 202 AD3d at 19). This Court found that because the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304, the Supreme Court properly denied, inter alia, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see Bank of Am., N.A. v Kessler, 202 AD3d at 19). However, on February 14, 2023, the Court of Appeals reversed this Court's decision and order, holding that accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute an "other notice" that must be sent in a separate envelope (see Bank of Am., N.A. v Kessler, 39 NY3d at 326). The Court of Appeals held that RPAPL 1304 does not prohibit the inclusion of additional information in the envelope that may help borrowers avoid foreclosure and is not false or misleading (see Bank of Am., N.A. v Kessler, 39 NY3d at 328).
Here, information about HAMP was sent with the 90-day notice. This information was relevant to avoiding foreclosure and was not false or misleading. Therefore, pursuant to the Court of Appeals' decision in Kessler and the subsequent case law, the inclusion of this information with the 90-day notice did not violate the "separate envelope" requirement of RPAPL 1304(2). The plaintiff otherwise established that it sent the RPAPL 1304 notice as required by the statute. Thus, the plaintiff established, prima facie, that it complied with the notice requirements of RPAPL 1304. In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff complied with those requirements.
The plaintiff also demonstrated, prima facie, its standing to commence this action. The plaintiff demonstrated that it was the holder of the note at the time the action was commenced by submitting an affidavit of Howard R. Handville, a senior loan analyst employed by the plaintiff's loan servicer, and evidence that a copy of the note, including an allonge containing an endorsement in blank, was among the various exhibits annexed to the complaint (see Bank of Am., N.A. v Tobin, 168 AD3d 661, 662; U.S. Bank N.A. v Duthie, 161 AD3d 809, 811). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing.
In light of the foregoing, upon renewal, we grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his first, second, and third affirmative defenses and first counterclaim and for an order of reference.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court